# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

AIMEE O'NEIL,

    Plaintiff(s),

v.

STATE OF COLORADO,

    Defendant(s).

Case No.: 2:20-cv-01042-GMN-NJK

**REPORT & RECOMMENDATION**

Plaintiff has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. Docket Nos. 1, 1-1. District courts have the authority to dismiss cases *sua sponte* without notice when the plaintiff "cannot possibly win relief." *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988).[1]

The Court has a duty to establish subject matter jurisdiction. *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966–67 (9th Cir. 2004); *see also* Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Federal courts are courts of limited jurisdiction and possess only the power authorized by the Constitution and statute. *See Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994) (citations omitted). Federal courts are "presumed to lack jurisdiction . . . unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citations omitted).

---

[1] When a plaintiff seeks to proceed *in forma pauperis*, courts screen the complaint to ensure that the plaintiff has stated a claim for relief. 28 U.S.C. § 1915(e). Given the Court's authority to dismiss the complaint pursuant to the authority below, however, the Court need not address whether Plaintiff qualifies to proceed *in forma pauperis* before dismissing her case.

  Plaintiff's allegations are fuzzy—bordering on incomprehensible. She alleges that she was conducting "official federal government business"—by "getting fingerprinted at [a Las Vegas] Office Depot for her United States Census job"— and that the State of Colorado had "actors follow her to intimidate and interfere with official federal business." Docket No. 1-1 at 7–8. However, she later alleges that Defendant filed a "frivolous appeal" from a civil case in this District and "interfered with [her] right to appeal a criminal case . . . ." *Id.* at 10–11. Plaintiff also alleges that Defendant "interfered with [her] [] right to equal protection and due process in the Colorado Judicial System [] imposing a felony on [her] record by deliberate judicial discrimination." *Id.* at 19. Plaintiff names the "State of Colorado" as a defendant and appears to also name the Attorney General of Colorado as a defendant, *see id.* at 2; however, because Plaintiff refers only to the State of Colorado in her allegations, the Court construes her complaint to name, as a defendant, only the State of Colorado. Plaintiff seeks "an injunctive order of permanent restraintment [sic]," $5,000,000 in punitive damages, and $5,000,000 in compensatory damages. *Id.* at 23–24.

  More than one aspect of Plaintiff's allegations likely bars her complaint from surviving the screening process. However, one aspect does without question: Section 1983 permits suits only against "persons," *see Paeste v. Gov't of Guam*, 798 F.3d 1228, 1234 (9th Cir. 2015), and states are not "persons" under Section 1983, *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997). Thus, because Plaintiff's complaint is based only on Section 1983, the Court lacks subject matter jurisdiction over this case.

  Accordingly, the Court **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** and that this case be closed.

  IT IS SO ORDERED.

  Dated: June 19, 2020

                                     _____
                                     Nancy J. Koppe
                                     United States Magistrate Judge

## **NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).